UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNA D. WILLIAMS,

                Plaintiff,                00 CV 3714 (SJ)

   -against-                            MEMORANDUM
                                               AND ORDER

CARL FLETCHER,

                Defendant.
------------------------------------------------------------X

APPEARANCES:

DONNA D. WILLIAMS
P.O. Box 70286
Brooklyn, New York 11207
Plaintiff *Pro Se*

UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Keisha-Ann Gray
Attorneys for Defendant

JOHNSON, Senior District Judge:

      Pro se Plaintiff Donna Williams ("Plaintiff"), a former employee of the United States Department of Commerce, Bureau of the Census ("Census Bureau"), brought the current action alleging that Defendant Carl Fletcher ("Defendant"), who was her supervisor at the Census Bureau, defamed her and made false accusations leading to her termination, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 2401, 2671-2680 et seq. In a letter dated September 25, 2000, Plaintiff stated that she wished to amend

1

the Complaint to add a charge of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq. ("Title VII"). Presently before this Court are Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment.[1]

## PROCEDURAL BACKGROUND

On September 26, 2001, this Court dismissed Plaintiff's entire Complaint for lack of subject matter jurisdiction over Plaintiff's defamation claim, without addressing Plaintiff's sexual harassment claim. (See Mem. & Order, Sept. 26, 2001.) On May 21, 2002, the Court of Appeals for the Second Circuit remanded the case for further proceedings to address Plaintiff's sexual harassment claim. Defendant then filed a motion for dismissal or for summary judgment regarding Plaintiff's claim of sexual harassment, based on Plaintiff's alleged failure to exhaust administrative remedies. Defendant claimed that Plaintiff had failed to notify an Equal Employment Opportunity ("EEO") counselor of her grievance within forty-five days. Because Plaintiff contested the factual basis of this assertion, stating that she had filed a complaint, the Court denied Defendant's motion at that time in order to permit discovery to proceed on the question of whether Plaintiff had or had not notified an EEO counselor within the forty-five day period. The Court granted Defendant permission to renew the motion after further

---

[1] Defendant's motion is styled as a motion to dismiss or, alternatively, a motion for summary judgment. The Court finds that a motion based on failure to exhaust administrative remedies "is properly characterized as a motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6)." Parola v. I.R.S., 1999 WL 1215557, *4 (E.D.N.Y. Dec. 15, 1999).

P-049

discovery. (Mem. & Order, Sept. 30, 2003.) Defendant currently raises the same claim of failure to exhaust administrative remedies, while Plaintiff claims that Defendant's arguments are meritless and that Defendant has no valid defense to the suit.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court should not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). On a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact, and the district court's task is limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998). In deciding such a motion, this Court "must construe

3

the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." Id.

## DISCUSSION

As noted in this Court's earlier opinion, failure to seek EEO counseling within forty-five days of the allegedly discriminatory act would be fatal to Plaintiff's claim, because it would violate EEOC regulations requiring an employee suing the federal government under the Rehabilitation Act to exhaust administrative remedies before initiating a suit in the district court. Torres v. U.S. Dept. of Veteran Affairs, 2004 WL 691237, *3 (S.D.N.Y. Mar. 31, 2004) (noting that under 29 C.F.R. §§ 1614.105(a)(1), an aggrieved agency employee must seek EEO counseling within forty-five days of the allegedly discriminatory act).

Defendant has submitted a declaration from the Deputy Chief of the EEO Office for the Census Bureau, which states that all complaints to the EEO are catalogued in an EEO tracking system, and that by querying this tracking system she determined that there were no records indicating that Plaintiff had ever filed a sexual harassment complaint with the EEO office. (Def.'s Mot. Dismiss Ex. B, Galloway Decl. ¶¶ 5.) Defendant has also submitted a declaration from a manager within the Census Bureau, who states that she would have been informed if Plaintiff had filed a sexual harassment complaint and that she was never told that Plaintiff had made any complaint of this nature. (Def.'s Mot. Dismiss Ex. B, Green Decl. ¶ 8.) The Court has noted in a previous opinion that this constitutes substantial evidence that no complaint was filed within the

P-049

requisite time period. (Mem. & Order, Sept. 30, 2003.)

Plaintiff does not argue that she should be excused from the forty-five day filing deadline, but rather states that she did file a complaint within forty-five days. In support of this contention she has submitted various letters that she sent to individuals within the Census Bureau. (Pl.'s Mot. Summ. J. Ex. B.) The earliest of these letters is dated January 19, 2000, and it references conversations with EEO officers regarding problems Plaintiff was having with Defendant. (Id.) The letter appears to suggest that the problems between Plaintiff and Defendant occurred in January 2000 (id.) and so it would appear that these letters were sent within forty-five days of any incidents that had occurred.

However, the central problem with Plaintiff's argument is that the letters, which describe the problems she was having with Defendant in some detail, make absolutely no mention of sexual harassment. (See id.) For example, the January 19, 2000 letter states that Defendant:

> misused his authority in a boisterous manner amongst co-workers to demean and ruin our respectable reputations by falsely, slanderously accusing us of not doing our job, insubordination using vulgarity towards him, misconduct, and negligently cancelling sites and/or test schedules.

(Id.) Plaintiff's letter dated April 17, 2000, states that Defendant:

> used threat [sic] of termination to boost his employees [sic] moral [sic] since our arrival at the office. . . . We requested a meeting with the Director(s) to present 'evidence and witnesses' to our defense that the reasons for termination was [sic] unjustifiable, false, slanderously used as a means to cause defamation of character or character assassination.

P-049

(Id.) Plaintiff's third letter, which is undated, states:

> I've been terminated by an employer who defamed my character and reputation unjustifiably, falsely, slanderously with accusations to prevent me from getting future employment and/or promotional status within the agency. . . . [Defendant] claimed I falsified payroll documents, states [sic] poor productivity and insubordination. . . . I've written letters to clear my records [sic] and yet, no one within the agency (up the chain of command) wants to listen or have a hearing about the misuse of authority.

(Id.)

Plaintiff's letter of September 25, 2000, in which she stated that she wished to amend the Complaint to include a sexual harassment allegation, says that when she used the phrase "misuse of authority" in her earlier letters, this was intended to mean "sexual harassment." (Letter from Plaintiff to the Court, Sept. 25, 2000.) However, the Court finds that there is simply no basis to believe that anyone knew, prior to September 25, 2000 — at which point the forty-five day deadline had expired — that any of Plaintiff's previous statements were intended to constitute allegations of sexual harassment. Every indication in Plaintiff's letters suggests that when Plaintiff used the phrase "misuse of authority," she was referring to the specific, detailed allegations she was making about Defendant: namely, that Defendant had unjustifiably fired her in an attempt to defame her. The Court finds no basis to conclude that "misuse of authority" was code for "sexual harassment" or to conclude that Defendant could have known to interpret it as such.

The purpose of the requirement that employees notify the EEO of discrimination claims is to place the agency on notice of those claims, in order to give the agency an

6

P-049

opportunity to resolve the complaints by conducting internal investigations. Briggs v. Henderson, 34 F.Supp. 2d 785, 787 (D.Conn. 1999). The Court finds that a complaint that does not make any reference to discrimination clearly does not serve the purpose of putting the agency on notice, and does not satisfy the requirement that discrimination complaints be relayed to the EEO within forty-five days. Since Plaintiff's arguments against the Motion to Dismiss rest entirely on the letters she has submitted and these letters do not demonstrate that Plaintiff satisfied the EEO grievance requirement, whereas Defendant has provided evidence that Plaintiff did not satisfy the requirement, Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion to Dismiss is GRANTED. The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: May 10, 2005
Brooklyn, New York

_____
Senior U.S.D.J.

P-049